# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

MARCUS B. HARRIS,

    Petitioner,

-vs-                                                                       Case No.  8:13-cv-1729-T-30MAP

DAVID GEE, SHERIFF,
HILLSBOROUGH COUNTY, FLORIDA,

    Respondent.
_____/

## ORDER

Petitioner, a pretrial detainee at the Hillsborough County Jail in Tampa, Florida, filed a *pro se* "emergency" petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] According to Petitioner, he has been charged with two counts of robbery in Hillsborough County. Petitioner complains that he is being unconstitutionally detained because the prosecutor has brought the charges against him in bad faith, the prosecutor used false statements to oppose Petitioner's motion to dismiss the charges, and he was legally insane at the time of the robbery, warranting dismissal of the charges. As relief, Petitioner apparently requests dismissal of the charges and immediate release from detainment.

On December 10, 2012, Petitioner, in another case before this Court, proceeding *pro se*, filed a similar petition against Respondent, asserting that he is being unconstitutionally

---

[1] Because Petitioner is a pretrial detainee and not "in custody pursuant to the judgment of a State court. . ." (see 28 U.S.C. § 2254(b)), the Court construes the petition to be filed pursuant to § 2241.

detained pursuant to the Hillsborough County robbery charges. *See* Case No. 8:12-cv-2776-T-35AEP.  On December 19, 2012, the Court *sua sponte* dismissed that petition pursuant to the *Rooker-Feldman*[2] doctrine and the "abstention doctrine" set forth in *Younger v. Harris*, 401 U.S. 37 (1971) (generally barring a federal court from intervening in pending state court proceedings) (Id. at Dkt. 4).

Petitioner has now filed a similar petition in a new case (Dkt. 1).  The Court concludes that for the same reasons that the Court dismissed Petitioner's first petition in Case Number 8:12-cv-2776-T-35AEP, the Court will dismiss this new petition.

Accordingly, the Court **ORDERS** that:

1. The petition for writ of habeas corpus (Dkt. 1) is **DISMISSED**.

2. The Clerk is directed to terminate any pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida on July 9, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Petitioner *pro se*

---

[2] *See Jones v. Crosby*, 137 F.3d 1279, 1280 (11th Cir.), *cert. denied*, 523 U.S. 1041 (1998) ("Under the *Rooker-Feldman* doctrine, the authority to review final decisions from the highest court of the state is reserved to the Supreme Court of the United States.").